USCA1 Opinion

 

 October 4, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2151 ALLAN O. DENCHFIELD, Plaintiff, Appellant, v. JULIUS E. WALLER, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ Allan O. Denchfield on brief pro se. ___________________ ____________________ ____________________ Per Curiam. Plaintiff-appellant Allan O. ____________ Denchfield appeals pro se from the dismissal of his complaint ___ __ as frivolous pursuant to 28 U.S.C. 1915(d). We affirm. It was appropriate for the district court, sua sponte, to issue a show cause order requiring Denchfield to explain why his complaint should not be dismissed for lack of subject matter jurisdiction. Cf. In re Recticel Foam Corp., ___ _________________________ 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."). The facts alleged in the complaint do not confer federal question jurisdiction.1 And, although Denchfield invoked 1 diversity jurisdiction and indicated on the civil cover sheet that he was seeking $400,000.00, the complaint is devoid of any specific allegations supporting an amount in controversy in excess of $50,000.00.  Once challenged, a party seeking to invoke diversity jurisdiction has the burden of alleging with sufficient particularity the facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. Department of Recreation & Sports v. __________________________________  ____________________ 1Contrary to Denchfield's suggestion, the complaint does 1 not state a claim under 42 U.S.C. 1983. Most notably, the defendant is a private citizen, and the complaint fails to allege facts from which it may be inferred that the defendant acted under "color of law."  -2- World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991). ____________________ Denchfield's response to the show cause order was egregiously late and, we think, failed to meet this burden. Accordingly, we find no error in the dismissal. We add that we find no abuse of discretion in the district court's failure to grant Denchfield's belated motion for appointment of counsel. See ___ DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991) __________ _____ (explaining that we will overturn the denial of a request for appointed counsel in a civil case only if the record, taken as a whole, reflects a manifest abuse of the trial court's broad discretion). Affirmed.  _________ -3-